**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Ste. D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Additional counsel on Signature Page*

*Attorneys for Plaintiffs,*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CLAUDINE MOORE; AND,
EUGENE MOORE,

Plaintiffs,

v.

FREEDOM DEBT RELIEF,
LLC,

Defendant.

**Case No.:** '18CV0453 L  NLS

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

I.  **CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679 *ET SEQ.*;**
II. **CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*;**
III. **ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693 *ET SEQ.*;**
IV. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, *ET SEQ.*;**
V.  **NEGLIGENT MISREPRESENTATION;**
VI. **INTENTIONAL MISREPRESENTATION;**
VII. **NEGLIGENCE;**
VIII. **CONVERSION; AND,**
IX. **TRESPASS TO CHATTELS**

**JURY TRIAL DEMANDED**

### INTRODUCTION

1. This is an individual action brought by Plaintiffs, CLAUDINE MOORE; and, EUGENE MOORE ("Plaintiffs") debtors who purchased regulated debt management services from Defendant, FREEDOM DEBT RELIEF, LLC ("Defendant"). Plaintiffs, by and through Plaintiffs' attorneys, brings this action to challenge Defendant's unfair business practices and Defendant's unlawful conduct as a credit repair organization offering credit repair services, which conduct caused Plaintiffs' damages.

2. In enacting the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ("CROA"), Congress declared that "[c]ertain advertising and business practices of some companies engaged in the business of credit repair services have worked a financial hardship upon consumers, particularly those of limited economic means and who are inexperienced in credit matters." 15 U.S.C. § 1679(a)(2).

3. The purposes of the CROA is (1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations. 15 U.S.C. § 1679(b)(1); 15 U.S.C. § 1679(b)(2).

4. CROA prohibits a variety of false and misleading statements, and fraud, by credit repair organizations ("CROs"). CROs may not receive payment before any promised service is "fully performed." Services must be under written contract, which must include detailed descriptions of services and contract performance time. CROs must provide consumers with separate written disclosure statements describing the consumer's rights before entering into the contract. Consumers can sue to recover the greater of the amount paid or actual damages, punitive damages, costs, and attorney's fees for violations.

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA. 92626

5.    The United States Congress has also found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

6.    The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

7.    Congress has also found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers.  Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

8.  Plaintiffs allege that Defendant operates an elaborate scheme to defraud debtors that preys on consumers who are drowning in credit card and unsecured debt. Defendant targets debtors, specifically those with larger debts, who are unable to make minimum payments or who will soon be unable to make such payments.

9.  Defendant fraudulently claims to act as a debt settlement company that offers debt settlement services in an attempt to avoid strict consumer protection regulations enacted to protect vulnerable and unknowing consumer debtors.

10. Plaintiffs allege that Defendant violated: (i) the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq*.; (ii) California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq*.; (iii) the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*.; (iv) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.; (v) negligent misrepresentation; (vi) intentional misrepresentation; (vii) negligence; (viii) conversion; and, (ix) trespass to chattels.

11. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

12. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

13. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA. 92626

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### JURISDICTION AND VENUE

14. This action arises out of Defendant's violations of (i) the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq.*; (ii) California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*; (iii) the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*; (iv) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*; (v) negligent misrepresentation; (vi) intentional misrepresentation; (vii) negligence; (viii) conversion; and, (ix) trespass to chattels.

15. Jurisdiction of this Court arises over Plaintiffs' claims under the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq.*; and, the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* pursuant to 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for supplemental state claims.

16. Because Defendant conducts business within the State of California, personal jurisdiction is established.

17. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; (iii) the agreement entered into between Defendant and Plaintiff was executed in this county; and (iv) Defendant conducts business within this judicial district.

### PARTIES

18. Plaintiffs are natural persons who reside in the County of San Diego, State of California, who contracted with Defendant based on Defendant's representation that it would sell, provide, or perform a service for the purpose of advising or assisting Plaintiffs to improve Plaintiffs' consumer credit record, history, or rating.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

19. Plaintiffs are also persons from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiffs, and who are "debtors" as that term is defined by California Civil Code § 1788.2(h); and, "consumers" as that term is defined by 15 U.S.C. § 1693a(3).

20. Plaintiffs are informed and believe, and thereon alleges, that Defendant is a "credit repair organization" as defined by 15 U.S.C. § 1679a(3)(A) providing credit repair services as defined by 15 U.S.C. § 1679b.

21. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17206 authorizes a private right of action on both an individual and representative basis. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6).

22. At all times relevant, Defendant was a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout the EFTA, 15 U.S.C. § 1693, *et seq.*.

23. Defendant's products also constitute "services" as defined pursuant to Civil Code Section 1761(b).

24. Defendant is a Delaware limited liability company that conducts business in the State of California with its principal offices located at 1875 S. Grant St., Suite 400, San Mateo, CA 94402. Plaintiffs are also informed and believe, and thereon allege, that Defendant, is a debt collection agency.

25. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

///

///

///

26. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5); and Cal. Civ. Code § 1788.2(f).

27. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1692a(7).

### FACTUAL ALLEGATIONS

28. Sometime prior to 2015, Plaintiffs are alleged to have incurred certain financial obligations to several original creditors that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as defined above.

29. At all relevant times, Defendant was in the business of providing debt reduction services to consumers, claiming to be an alternative to bankruptcy, credit counseling, or debt consolidation.

30. Defendant represents through its advertisements that "[a]s the leader in debt negotiation . . . [o]ur affordable program could help you resolve your debt in 24-48 months."[2]

///

///

///

---

[2] https://www.freedomdebtrelief.com/why-were-better/, last accessed on November 30, 2017.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA, 92626

31. Defendant acts as a debt negotiator on behalf of consumers, advertising that it can help those who owe large amounts of unsecured debts, usually $10,000 or more, by negotiating their debts with creditors, generally within 24 to 48 months, ultimately settling for "approximately 50% of their enrolled balance before fees, or 71% including fees."

32. Defendant directs consumers to speak with its sales representative, which it deceptively refers to as a "Certified Debt Consultant," despite these individuals holding no specialized certifications in debt management. Defendant's Certified Debt Consultants are misrepresented as neutral providers of information, when in fact they are sales representatives who actively promote Defendant's program and hold no special certification other than employment with Defendant.

33. Defendant claims the "Certified Debt Consultant" is an "expert on your side" who is part of a "team of highly trained debt professionals [that] are your partners every step of the way." Defendant's Certified Debt Consultants provide counseling and advice to consumers to "help you determine which strategy is best for you" claiming to do so in the consumer's best interest. Defendant's website also claims that "[w]hether or not you enroll in our program, [our certified debt consultants] do whatever they can to empower you to reach your financial goals."

34. Consumers deciding whether to enroll in Defendant's program are told that their credit score, credit rating, or credit history will be negatively affected by not making credit payments, but are assured that Defendant's program will reduce the consumer's debt ultimately resulting in a better credit score.

35. First, Defendant calculates its estimated fees based on the consumer's total enrolled debt. Then, Defendant collects those fees when the debt settlement payment is made to a creditor from the consumer's "dedicated bank account."

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

36. The dedicated bank account is a separate bank account that the consumer makes monthly deposits into and maintains separate from other checking and/or savings accounts.

37. However, Defendant fails to inform consumers that negotiations with creditors do not commence until the consumer has deposited sufficient funds into the "dedicated account" from which Defendant negotiates settlements and extracts its fees. Generally, sufficient funds will not accumulate until six to nine months after enrollment, at which time negotiations with creditors *may* begin, however settlements are not certain to begin immediately once sufficient funds have accumulated in the dedicated bank account.

38. Defendant also fails to inform consumers that it cannot guarantee creditors will negotiate rather than sue the consumer, while counseling consumers to engage in conduct that is virtually certain to result in negative reports on the consumer's credit score, credit history, or credit rating.

39. Once enrolled in Defendant's debt settlement program, Defendant instructs consumers that they must claim financial hardship, cease making monthly credit payments, and instead make monthly program deposits into a "dedicated savings account." Once sufficient funds have accumulated and a settlement offer is obtained, Defendant must obtain the consumer's consent before accepting any settlement.

40. Consumers who enroll in Defendant's program must also authorize Defendant to communicate with creditors "and discuss any and all details of [their] financial situation, for the purpose of negotiating settlements" and permit Defendant to "[o]btain records, debt validations, credit reports, and support for the debts allegedly owed . . .."

41. Prior to May of 2015, Plaintiff's spoke with Defendant's certified debt consultant, Christopher Brown ("Mr. Brown").

///

42. Mr. Brown insisted that Plaintiffs enroll all of Plaintiffs' accounts in the program. Plaintiffs were resistant of this because Plaintiffs only required assistance for some accounts and not others. Mr. Brown indicated that the program would fail if Plaintiffs did not enroll all of their accounts because creditors would not negotiate with Defendant if the creditors saw that certain accounts were being paid and in good-standing while others were not.

43. Eventually Mr. Brown's pressure resulted in Plaintiffs agreeing to enroll all of their accounts in the program except for Plaintiffs' two lowest accounts.

44. Due to Defendant's conduct described herein, this ultimately resulted in Plaintiffs having at least five derogatory items on their credit reports.

45. Mr. Brown then prepared a "Debt Resolution Agreement" for Plaintiffs which shows that Plaintiffs could expect to settle their total enrolled debt of $50,862.00 for between $35,978.00 and $39,765.00.

46. The agreement "estimated" that the Debt Resolution Agreement was Plaintiffs' best option because Plaintiffs would pay less when compared to the amounts that Plaintiffs would pay if they opted instead for debt consolidation (estimated payoff would be approximately $66,121.00); credit counseling (estimated payoff would be approximately $63,578.00); or by making minimum payments (estimated payoff would be approximately $141,498.00).

47. Defendant also represented to Plaintiffs that if Plaintiffs completed the program, their debt would be resolved within forty-six (46) months, making the estimated program completion date of March 25, 2019.

48. Based exclusively on Defendant's representations that Defendant could help Plaintiffs resolve their debt more quickly and for less money than other viable alternatives, Plaintiffs entered into Defendants agreement on May 1, 2015.

49. Per Defendant's agreement, Plaintiffs were to cease making credit payments and instead they were to claim financial hardship and deposit $806.00 each month into Plaintiffs' dedicated savings account beginning May 25, 2015.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

50. Plaintiffs claimed financial hardship and began making deposits into their dedicating savings account in May of 2015.

51. Plaintiffs, to the best of their ability, deposited funds into said dedicated savings account until September of 2017.

52. Plaintiffs made approximately twenty-four deposits of varying amounts into this dedicated savings account between May of 2015 and September of 2017.

53. During the course of this relationship with Defendant, Defendant pressured Plaintiffs to increase their payments to $942.00 per month which was contrary to the agreement.

54. Plaintiffs increased their payments to the requested amount and paid that increased amount for at least nine months.

55. Plaintiffs then decreased their payments to $600.00 per month for two months only to be pressured to pay the previous amount of $942.00 per month again.

56. This fluctuation between $600.00 per month and $942.00 occurred on at least two more occasions.

57. In October of 2016, Defendant negotiated a settlement on Plaintiffs' behalf with Synchrony Bank. Specifically, the settlement agreement was entered into with Nationwide Credit, Inc., presumably acting on behalf of Synchrony Bank.

58. The Settlement amount was for $6,000.00 to be paid over the course of twelve months.

59. The first of the twelve payments was made in October of 2016 in the amount of $700.00. This amount was accepted and cleared by Nationwide Credit, Inc. acting on behalf of Synchrony Bank.

60. In November of 2016, Synchrony Bank sold the account to Portfolio Recovery Associates.

61. Synchrony Bank informed Defendant of the sale.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA, 92626

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA;
MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

62. Plaintiffs continued to make payments pursuant to the settlement agreement entered into by Defendant on Plaintiffs' behalf.

63. Defendant's alleged to have payed Nationwide Credit, Inc. pursuant to the agreement; however, Nationwide Credit, Inc. only received and cleared one payment.

64. The ledgers provided to Plaintiffs showed that payments pursuant to the settlement agreement were made to Nationwide Credit, Inc..

65. Portfolio Recovery Associates received no payments and reported so on Eugene Moore's credit report; the account was reported in collections for the full amount of the debt prior to the settlement agreement.

66. For a significant period of time, Plaintiffs had no knowledge about the whereabouts of approximately $5,300.00.

67. Defendant on several occasions failed to provide Plaintiffs with any definitive information concerning their money's location and the state of the account.

68. Over the course of several months during late 2016 and early 2017 Plaintiffs spoke with and/or communicated with in writing the following representatives in an attempt to resolve the issues (this is a non-exhaustive list as Plaintiffs did not start keeping details records until after it was apparent that the issue was not going to be resolved easily and Plaintiffs were not always provided with a name):

    a. Jacob Warren on January 11, 2017;

    b. Jacob Warren on January 16, 2017;

    c. Jacob Warrant on January 17, 2017;

    d. Jessica on February 24, 2017;

    e. Jessica on February 27, 2017;

    f. Melissa Hernandez on February 27, 2017;

    g. Chance on February 28, 2017;

    h. Cherie on or around February 28, 2017;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

i.  Mary Anne on March 29, 2017;

j.  Ajay Sharma on October 5, 2017; and,

k.  Mike Sanders on October 5, 2017.

69.  Following these failed efforts to resolve the issue as to the settlement agreement and status/location of Plaintiffs' money, on October 5, 2017, Plaintiffs received an e-mail from Defendant indicating that Defendant had moved the missing funds to a "separate account" without Plaintiffs' knowledge or consent.

70.  On or about November 4, 2017, Plaintiffs informed Defendant that Plaintiffs were withdrawing from the program.

71.  On or about November 14, 2017, Defendant suddenly and without any explanation as to where the money had been, deposited the missing $5,300.00 into Plaintiffs' dedicated account.

72.  Concurrently with the November 14, 2017 deposit Defendant withdrew approximately $2,464.33.

73.  Defendant justified the withdrawal by stating that the amount was required to cover the remaining debt settlement fees for the account.

74.  Plaintiffs, at no time relevant, consented to these withdrawals and said withdrawal was wholly unauthorized and unlawful.

75.  Furthermore, Defendant on approximately twenty-eight occasions charged Plaintiffs a "Monthly Service Fee."

76.  Said fee was $7.25 and in direct violation of the law because the funds were taken out prior to services being fully performed.

77.  Lastly, Defendant illegally and constantly took out unauthorized "Settlement Fee[s]."

78.  Defendant advised Plaintiffs that as a part of Defendant's general business practice, Defendant first takes Defendant's own debt settlement fees, and then uses the remaining funds to pay on a settlement.

Case No.:                                    12 of 30                *Moore, et al. v. Freedom Debt Relief*

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA, 92626

79. Said settlement fees were taken from Plaintiffs' funds prior to the completion of Defendant's services.

80. Between September 10, 2015, and September 28, 2017, Defendant took money out of Plaintiffs' dedicated account on at least thirty-two (32) occasions.

81. The unauthorized withdrawals for "Settlement Fee[s]" varied between $1.00 and $726.00.

82. Plaintiffs were never provided with a fee schedule or any sort of document outlining how, when, and what amount in settlement fees would be withdrawn from Plaintiffs' account.

83. Plaintiffs never consented to the withdrawal of the settlement fees.

84. The settlement fees do not correspond with accounts that were settled.

85. Through this conduct Defendant has caused Plaintiff damages including but not limited to, lost money and property, deprivation of use of the bank account at issue, lost funds which were unlawfully taken from said bank account that have yet to be returned, inconvenience, and emotional distress.

86. Through this conduct, Defendant violated 15 U.S.C. § 1679b(a)(3) by making an untrue or misleading representation regarding its credit repair and debt settlement services.

87. Through this conduct, Defendant violated 15 U.S.C. § 1679b(a)(4) by engaging directly or indirectly in any act, practice, or course of business that constitutes or results in the commission or attempt to commit a fraud or deception on a person in connection with the sale of Defendant's credit repair and debt settlement services.

88. Through this conduct, Defendant violated 15 U.S.C. § 1679b(b) by charging or receiving payment in advance for the performance of services the Defendant had agreed to perform for Plaintiff before the service was fully performed.

89. Through this conduct, Defendant violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unlawful because they violate the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq.*. In addition, Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. 1693, *et seq.*, by conducting transfers of Plaintiffs' funds without consent or authorization.

90. Through this conduct, Defendant violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unfair because Defendant did not fully disclose material information regarding its program to Plaintiffs and pressured Plaintiffs to agree to additional services for additional fees.

91. As a result of its unfair business practices, Defendant gains a competitive advantage over competitors who comply with the CROA and Bus. & Prof. Code § 17200, thereby receiving more money from, and causing injury to, unsuspecting consumers.

92. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers.

93. Through this conduct, Defendant violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are deceptive because Defendant misrepresented the length of its program to Plaintiff, unilaterally committed Plaintiff to an extended enrollment despite Plaintiff's express statements to the contrary.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA, 92626

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

94. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200, *et seq.*

95. Defendant's conduct is likely to deceive the public who are likely to believe that Defendant may contractually charge a retainer fee, service fee, or pressure consumers to increase their monthly deposit into their dedicated bank accounts, even though those fees exceed those permitted by contract or law.

96. Moreover, Defendant misrepresents to the general public that its sales representatives are unbiased "Certified Debt Consultants" when these individuals hold no specialized certifications and actively promote Defendant's program over other debt relief options, such as credit counseling or debt consolidation.

97. As a result of each and every violation of the UCL, Plaintiffs are entitled to damages pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* as a result of Defendant's unlawful, unfair, and deceptive business practices. Defendant is liable to make restitution of such charges, including interest on the liquidated sum from the date of payment plus interest.

98. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that they are working with certified debt consultants when those individuals are merely Defendant's sales representatives.

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

99. Consumers are further misled into believing that Defendant's program will result in a net benefit to their credit score, report, or rating as long as they fully participate and make the scheduled deposits as calculated by Defendant. However, Defendant does not inform clients that sufficient funds do not accumulate in the dedicated bank account for approximately 6-9 months from the date of enrollment.

100. Defendant also does not inform clients that if they fail to deposit what is considered "sufficient funds" into the account they will be subject to a fee.

101. Plaintiffs, reasonable consumers, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising that participating in its program for the duration calculated by Defendant would reduce Plaintiffs' debt and improve Plaintiffs' long-term credit score, credit report, or credit rating.

102. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendant continues to engage in unlawful, unfair, and deceptive conduct that harms consumers.

103. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiffs; thereby unjustly enriching Defendant.

104. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200, *et seq.*.

105. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

106. Through this conduct, Defendant violated California Business and Professions Code § 17200, *et seq.* by engaging in business practices that are unlawful, unfair, or fraudulent.

107. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiffs, who unwittingly provided money to Defendant based on Defendant's misleading representations.

108. Plaintiffs suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's Products.

109. The "dedicated bank account" referenced herein and Plaintiffs' other checking and/or savings account implicated by Defendant's conduct are each an "account" as defined by 15 U.S.C. 1693a(2) and 12 C.F.R. 1005.2(b)(1).

110. Defendant withdrew funds from Plaintiffs' bank account, without Plaintiffs' authorization and not in compliance with the agreement. In fact, upwards of $5,300.00 was been removed from the account and transferred to a separate account; however, those funds were not applied towards the repayment of a settlement and the location of those funds remained unknown for an extended period of time.

111. When said funds were returned to Plaintiffs' dedicated account, Defendant immediately transferred a significant amount of funds out of the account under the guise of a "Settlement Fee." Each unauthorized withdrawal described herein of Plaintiffs' funds constitutes an "unauthorized electronic fund transfer" as defined by 15 U.S.C. 1693a(12) and 12 C.F.R. 1005.2(m).

112. Furthermore, each month Defendant demanded payments from Plaintiffs and used said payments to pay "Phone Payment Fee(s)."

///

113. Said payment fees were regularly made to various creditors by Defendant on Plaintiffs' behalf over the telephone.

114. On at least thirty-five occasions Defendant incurred this "Phone Payment Fee" because Defendant made payments over the telephone.

115. These "Phone Payment Fee[s]" were incurred between 2015 through 2017.

116. At no time relevant did Defendant inform Plaintiffs that this fee would occur regularly or at all, and at no time relevant did Plaintiffs agree to this fee.

117. At no time relevant did Plaintiffs authorize Defendant to incur this fee on Plaintiffs' behalf.

118. At no time relevant did Defendant discuss any payment alternatives that could be explored which would not result in a "Phone Payment Fee."

119. Through this conduct, Defendant violated 15 U.S.C. 1693e(a) as Defendant executed an unauthorized electronic fund transfer from Plaintiffs' account.

120. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiffs in connection with the collection of the alleged debt.  This section is also incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

121. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of the alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

122. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(B) by making a false or misleading representation in regard to any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA. 92626

123. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has violated Cal. Civ. Code § 1788.17.

124. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has violated Cal. Civ. Code § 1788.17.

125. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting funds from Plaintiffs that were not authorized by any agreement creating the debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS
## COUNT I
## VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT
## 15 U.S.C. §§ 1679, *ET SEQ.* (CROA)

126. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

127. The foregoing acts and omissions constitute numerous and multiple violations of the CROA.

128. Defendant is a CRO because it counsels and advises consumers of the benefits and drawbacks of different types of credit repair services and then instructs consumers to take a course of action – to cease making credit payments – which will alter the consumer's credit rating, credit history, or credit score.

///
///
///
///

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

129. Moreover, Defendant convinces consumers to enroll in its program based on the misleading representation that its program is superior to other services, despite the immediate negative credit implications, because consumers will be able to reduce their debt load, ultimately resulting in improvement of their credit worthiness.

130. As a result of each and every violation of the CROA, Plaintiffs request actual damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1679g.

## COUNT II
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### BUS. & PROF. CODE § 17200, *ET SEQ.* (UCL)

131. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

132. The foregoing acts and omissions constitute numerous and multiple violations of the California's Unfair Competition Law ("UCL").

133. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

134. By and through Defendant's conduct alleged herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code § 17200, *et seq.*

///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA. 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA, 92626

### A. "Unlawful Prong"

135. Beginning at a date currently unknown through the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200, *et seq.*.

136. Through this conduct, Defendant violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unlawful because they violate the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, *et seq.* In addition, Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. 1693, *et seq.*, by conducting transfers of Plaintiffs' funds without consent or authorization.

### B. "Unfair" Prong

137. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200, *et seq.*.

138. Through this conduct, Defendant violated California Business and Professions Code § 17200, *et seq.* and engaged in business practices that are unfair because Defendant did not fully disclose material information regarding its program to Plaintiffs and pressured Plaintiffs to agree to additional services for additional fees.

139. As a result of its unfair business practices, Defendant gains a competitive advantage over competitors who comply with the CROA and Bus. & Prof. Code § 17200, thereby receiving more money from, and causing injury to, unsuspecting consumers.

///

///

///

///

140. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, and against public policy, the utility of such conduct, if any, being far outweighed by the harm done to consumers.

## C.  "Fraudulent" Prong

141. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200, *et seq.*.

142. Defendant's conduct is likely to deceive members of the public who are likely to believe that Defendant may contractually charge a retainer fee, service fee, or pressure consumers to increase their monthly deposit into their dedicated bank accounts, even though the fees exceed that permitted by contract or law.

143. Moreover, Defendant misrepresents to the general public that its sales representatives are "Certified Debt Consultants" when these individuals hold no specialized certifications and actively promote Defendant's program over other debt relief options, such as credit counseling or debt consolidation.

144. As a result of each and every violation of the UCL, Plaintiffs are entitled to damages pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* as a result of Defendant's unlawful, unfair, and deceptive business practices. Defendants are liable to make restitution of such charges, including interest on the liquidated sum from the date of payment plus interest.

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### D. "Unfair, Deceptive, Untrue, or Misleading Advertising" Prong

145. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that they are working with certified debt consultants when those individuals are merely Defendant's sales representatives.

146. Consumers are further misled into believing that Defendant's program will result in a net benefit to their credit score, report, or rating as long as they fully participate and make the scheduled deposits as calculated by Defendant. However, Defendant does not inform clients that sufficient funds do not accumulate in the dedicated bank account for approximately six to nine months from the date of enrollment.

147. Plaintiffs, reasonable consumers, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising that participating in its program for the duration calculated by Defendant would reduce Plaintiffs' debt and improve Plaintiffs' long-term credit scores, credit reports, or credit ratings.

148. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising present a continuing threat to the public because Defendant continues to engage in unlawful, unfair, and deceptive conduct that harms consumers.

149. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiffs; thereby unjustly enriching Defendant.

150. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200, *et seq*.

///

Case No.:                           **23 of 30**              *Moore, et al. v. Freedom Debt Relief*

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA;
MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

151. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public.

152. Through this conduct, Defendant violated California Business and Professions Code § 17200, *et seq*. by engaging in business practices that are unlawful, unfair, or fraudulent.

153. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiffs, who unwittingly provided money to Defendant based on Defendant's misleading representations.

154. Plaintiffs suffered an "injury in fact" because Plaintiffs' money was taken by Defendant as a result of Defendant's false representations set forth on the Defendant's Products.

### COUNT III
### VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

155. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

156. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

157. As a result of each and every violation of the EFTA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount not less than $100 nor greater than $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3) from Defendant.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## COUNT IV

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

158. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

159. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

160. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### COUNT V

### NEGLIGENT MISREPRESENTATION

161. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

162. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendant made representations to Plaintiffs that misrepresented the quality of the services offered and benefits that would be realized by Plaintiffs.

163. Defendant, at all times relevant, had a pecuniary interest in the transaction.

164. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant did not exercise reasonable care or competence in obtaining or communicating the information regarding the debt relief services offered by Defendant.

///

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA; MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**

## COUNT VI

### INTENTIONAL MISREPRESENTATION

165. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

166. Plaintiffs are informed and believe, and thereon allege, that Defendant intentionally and willfully misrepresented quality of the services offered and benefits that would be realized by Plaintiffs.

167. Said representations were material misrepresentations.

168. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendant made the false representations to Plaintiffs with full knowledge of its falsity.

169. Plaintiffs entered into a contract with Defendant based solely on the representations made by Defendant. Therefore, Plaintiffs are informed and believe and thereon allege, that at all relevant times Defendant intended that Plaintiffs rely on the representations made by Defendant.

170. Plaintiffs did in fact rely on the misrepresentations by Defendant causing Plaintiffs harm.

## COUNT VII

### NEGLIGENCE

171. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

172. Plaintiffs believe and thereon allege that Defendant owed various duties to Plaintiffs pursuant to CROA; Cal. Bus. And Prof. Code § 17200, *et seq.*; EFTA; and the RFDCPA. Specifically, Defendant owed a duty to Plaintiffs with regard to the manner in which Defendant operates Defendant's debt relief company.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA, 92626

173. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the CROA; Cal. Bus. And Prof. Code § 17200, *et seq.*; EFTA; and the RFDCPA.

174. Plaintiffs assert that Defendant is the actual and legal cause of Plaintiffs' injuries.

175. Plaintiffs believe and thereon allege that as a proximate result of Defendant's negligence, Plaintiffs have suffered severe emotional distress.

176. Due to the egregious violations alleged herein, Plaintiffs assert that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiffs' rights and entitles Plaintiffs to recover punitive damages from Defendant.

## COUNT VIII

### CONVERSION

177. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

178. Defendant intentionally took monies from Plaintiffs' account.

179. At all times, Plaintiffs' owed and/or had full possessory rights over the funds in Plaintiffs' account.

180. At all times, Defendant had no possessory right to the funds in Plaintiffs' account.

181. Defendant was to use the money in the account only as expressly authorized by Plaintiffs.

182. Defendant prevented Plaintiffs from having access to and fully deprived Plaintiffs of any possessory rights or enjoyment of their chattels or monies described above.

183. The conduct of Defendant was oppressive, fraudulent, malicious and outrageous.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA, 92626

184. Defendant harmed Plaintiffs by fully depriving Plaintiffs of the full use, value and enjoyment of the chattels or monies described above.

185. Defendant further caused Plaintiffs to suffer emotional distress.

186. The conduct of Defendant was a substantial factor in causing Plaintiffs this emotional distress and the harm described above in an amount to be proven at trial.

187. Plaintiffs are entitled to punitive and exemplary damages in an amount to be established at trial.

COUNT IX

TRESPASS TO CHATTELS

188. Plaintiffs incorporate by reference, all of the above paragraphs of this Complaint as though fully stated herein.

189. Plaintiffs had a right to possession of their account and monies contained therein at the time Defendant unlawfully took possession.

190. Defendant has intentionally and substantially interfered with Plaintiffs' property by taking and retaining possession of Plaintiffs' property, preventing Plaintiffs from having access to said account and monies.

191. Plaintiffs did not consent to Defendant's conduct.

192. Defendant's conduct has caused Plaintiffs damages including but not limited to, lost wages, deprivation of use of the money at issue, lost funds which were taken from said account that have yet to be returned, inconvenience, and emotional distress.

193. As a result of Defendant's conduct, Plaintiffs are entitled to actual damages, including economic and non-economic damages, and punitive damages.

TRIAL BY JURY

194. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants for:

- General damages according to proof;

- Special damages according to proof;

- Costs of suit incurred herein;

- As a result of each and every violation of the CROA, an award of actual damages, the greater of (1) the amount of any actual damages sustained by Plaintiffs or (2) any amount paid by Plaintiffs to Defendant pursuant to 15 U.S.C. § 1679g(a)(1)(A)-(B);

- An award of punitive damages, in such amount as the court may allow, pursuant to 15 U.S.C. § 1679g(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1679g(a)(3).

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Bus. & Prof. Code § 17206(b), for Plaintiff;

- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1021.5 for Plaintiffs;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1693m(a)(1) and 15 U.S.C. 1693m(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1693m(a)(3);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each Plaintiff;

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each Plaintiff;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c) for Plaintiffs;

- Punitive damages according to proof as to the Seventh Cause of Action against Defendant; and,

- Any and all other relief the Court deems just and proper.

Dated:  March 1, 2018                              Respectfully submitted,

                              KAZEROUNI LAW GROUP, APC

                              By: ___/s/ Matthew M. Loker____
                                   MATTHEW M. LOKER, ESQ.
                                   ATTORNEY FOR PLAINTIFF

[*Additional Counsel for Plaintiff*]
**KAZEROUNI LAW GROUP, APC**
Ali Sadrarhami, Esq. (316141)
ali@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
Clark Conforti, Esq. (317698)
clark@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CROA; UCL; EFTA; RFDCPA;
MISREPRESENTATION; NEGLIGENCE, CONVERSION; AND TRESPASS TO CHATTELS**